IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRIMACY ENGINEERING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-129-RP |
| | § | |
| SAN ENGINEERING, CHI WON LEE, | § | |
| and JK OCEANICS, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant JK Oceanics, LLC's ("JK Oceanics") motion to dismiss, (Dkt. 7), and related filings. Having considered the parties' submissions and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

Plaintiff Primacy Engineering, Inc. ("Primacy") filed this action against Defendants SAN Engineering ("SAN"), Chi Won Lee ("Lee"), and JK Oceanics.[1] Primacy alleges the following. Primacy is a company that specializes in marine industrial equipment for military use. (Compl., Dkt. 1, at 4). One of Primacy's major clients is a South Korean company, Hanjin Heavy Industries Corporation ("Hanjin"), which makes hovercraft vehicles called LSF-IIs for the Republic of Korea Navy. (Id. ¶¶ 18–19, 59). In 2017, Primacy acquired licenses, trade secrets, and inventories from GMB (USA), Inc. ("GMB-USA"), which had provided hovercraft components to Hanjin since 2004. (Id. at 1, 4).

The LSF-II is based on the United States Navy's Landing Craft Air Cushion ("LCAC") hovercraft. (Id. ¶ 21). GMB-USA contracted with Hanjin to manage compliance with United States

---

[1] Lee currently resides in South Korea, and SAN is a South Korean company with a principal office in South Korea. (Id. at 3). JK Oceanics is a Texas company with a principal place of business in Austin. (Id.). Primacy alleges that JK Oceanics is owned and operated by two former Primacy employees. (Id.).

law, obtain licenses to export hovercraft components, and work with manufacturers to design the components. (*Id.* at 5). GMB-USA developed specifications for the LSF-II's electrical power distribution system (the "SWBD"), which it based on a technical data package designed for the LCAC. (*Id.* at 5–6). GMB-USA modified that data package for its work with Hanjin. (*Id.* ¶ 29). Primacy alleges that the modified data package, its bid proposals to Hanjin, and its pricing were all confidential trade secrets. (*Id.* ¶¶ 29–30).

Lee was a GMB-USA employee who left in 2015 to join SAN, a competitor. (*Id.* at 6–9). Primacy alleges that Lee shared some of Primacy's trade secrets with SAN to help SAN win contracts with Hanjin. (*Id.* at 10–11). Primacy alleges that JK Oceanics has helped SAN obtain parts to manufacture SWBDs, and that SAN has shared Primacy's trade secrets with JK Oceanics to ensure that it would obtain the right parts. (*Id.* at 11).

Based on these allegations, Primacy asserts several causes of action against JK Oceanics: trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*; trade secret misappropriation under the Texas Uniform Trade Secrets Act ("TUTSA"), TEX. CIV. PRAC. & REM. CODE §§ 134A.001, *et seq.*; tortious interference with prospective business relations; and unfair competition by common law misappropriation. (*Id.* at 12–22). JK Oceanics filed a motion to dismiss each of the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, Dkt. 7).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

### A. Trade Secrets

Both the DTSA and the TUTSA define a trade secret as information that the owner has taken reasonable measures to keep secret and which derives its value from not being generally known or readily ascertainable. 18 U.S.C. § 1839(3); TEX. CIV. PRAC. & REM. CODE § 134A.002(6). Under both statutes, misappropriation includes "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." 18 U.S.C. § 1839(5)(A); TEX. CIV. PRAC. & REM. CODE § 134A.002(3)(A). JK Oceanics argues that Primacy fails to state a claim for relief under either statute because (1) Primacy's bid proposals, pricing strategies, and the LCAC technical data package are not secrets, and (2) even if they were, JK Oceanics never acquired them. (Mot. Dismiss, Dkt. 7, at 4–7).[2] The Court disagrees.

---

[2] Primacy also asserts that JK Oceanics is liable for unfair competition by misappropriation. (Compl., Dkt. 1, at 21–22). JK Oceanics does not address this cause of action in its motion, (Mot. Dismiss, Dkt. 7, at 4), but argues in its reply brief that this cause of action is preempted by Texas Civil Practices & Remedies Code § 134A.007(a), (Reply, Dkt. 9, at 2). Section 134A.007(a) provides that the TUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a).

In its first argument, JK Oceanics asserts that the LCAC technical data package was the property of the United States Navy and thus was not a secret. (Mot. Dismiss, Dkt. 7, at 6). That argument ignores the text of Primacy's complaint, in which Primacy repeatedly alleges that it modified the LCAC technical data package and that its trade secret is the modified data package. (*See, e.g.*, Compl., Dkt. 1, ¶ 3 ("This package, as modified by GMB-USA, was the company's trade secret.")). There is nothing on the face of Primacy's complaint to suggest that the United States Navy owned or had access to the modified data package. On the contrary, Primacy alleges that it kept its trade secrets confidential, (*id.* ¶¶ 30, 54), and the Court must take that allegation as true at this stage of the litigation.

JK Oceanics also argues that even if the modified data package was at one point a trade secret, it ceased being a secret according to Primacy's "own factual allegation that Hanjin used and published" the modified data package. (Reply, Dkt. 9, at 2–3). This argument overstates the allegations in Primacy's complaint, which state that Hanjin solicited proposals from bidders and sent SWBD specifications to bidders. (*See* Compl., Dkt. 1, at 49). Whether or not the specifications sent to bidders were so precise as to deprive the modified data package of trade secret status is not clear from the face of the complaint. JK Oceanics' interpretation of Primacy's allegations therefore does not require dismissal of Primacy's trade secrets claims; it raises a fact dispute that must be resolved at a later stage of this litigation.

---

Given the elements of an unfair competition by misappropriation claim, it may be true that TUTSA preempts that cause of action. *See BP Auto., L.P. v. RML Waxahachie Dodge, L.L.C.*, 448 S.W.3d 562, 571–72 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("The elements of an unfair competition or common law misappropriation claim are: (1) the creation of plaintiff's product (i.e., the trade secret information) through extensive time, labor, skill, and money; (2) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because defendant is burdened with little or none of the expense incurred by the plaintiff; and (3) commercial damage to the plaintiff."). However, the Court is unaware of state court decision holding that it does so, and it declines to make an *Erie* guess in the absence of full briefing by the parties. Arguments "raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). By raising its preemption argument for the first time in its reply brief, JK Oceanics has waived that argument for the purposes of this motion to dismiss.

JK Oceanics addresses Primacy's other alleged trade secrets—its bid proposals and pricing—in its second argument. There, JK Oceanics argues that there is no allegation in the complaint that it ever acquired Primacy's bid proposals, pricing, or the modified data package. (Mot. Dismiss, Dkt. 7, at 7). The Court disagrees. Primacy alleges that JK Oceanics is operated by a former GMB-USA employee and is associated with a South Korean company, Oceanics, owned by Lee. (*See* Resp. Mot. Dismiss, Dkt. 8, at 7 (arguing that JK Oceanics combines the name of Lee's company and the initials of JK Oceanics' owner, Ji Min Justin Kwon)). Primacy alleges that SAN is sharing Primacy's trade secrets with JK Oceanics "to ensure that [JK Oceanics] is obtaining the right components." (Compl., Dkt. 1, ¶ 55). Primacy alleges that Kwon knows that the data given to him by SAN are Primacy's trade secrets. (*Id.* ¶ 56). These allegations are sufficient to allow the Court to draw the reasonable inference that JK Oceanics acquired at least one of Primacy's trade secrets—the modified data package—while having reason to know that the trade secret was acquired by improper means. *See* 18 U.S.C. § 1839(5)(A); Tex. Civ. Prac. & Rem. Code § 134A.002(3)(A). The Court finds that Primacy has stated a plausible claim for relief under the DTSA and the TUTSA.

### B. Tortious Interference with Prospective Business Relations

To prevail on a claim for tortious interference with prospective business under Texas law, a plaintiff must show that (1) there was a "reasonable probability that the parties would have entered into a contractual relationship"; (2) the defendant committed an "independently tortious or unlawful act that prevented the relationship from occurring"; (3) the defendant committed such act with a "conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct"; and (4) the plaintiff "suffered actual harm or damage as a result of the defendant's interference." *Faucette v. Chantos,* 322 S.W.3d 901, 914 (Tex. App.—Houston [14th Dist.] 2010, no writ). JK Oceanics argues that Primacy has failed to allege sufficient facts to plausibly establish the second and third elements. (Mot. Dismiss,

Dkt. 7, at 8). According to JK Oceanics, Primacy merely alleges that JK Oceanics contracted to sell parts to SAN, which is not actionable under a recognized tort. (*Id.*). JK Oceanics also says the complaint does not allege that its sales of parts to SAN constitute willful interference with Primacy's attempts to do business with Hanjin. (*Id.*).

Like its arguments regarding Primacy's trade secrets claims, JK Oceanics' argument here mischaracterizes Primacy's pleading. Primacy alleges that SAN is sharing Primacy's trade secrets with JK Oceanics "to ensure that [JK Oceanics] is obtaining the right components." (Compl., Dkt. 1, ¶ 55). Primacy alleges that Kwon knows that the data given to him by SAN are Primacy's trade secrets. (*Id.* ¶ 56). Primacy alleges that JK Oceanics is run by a "former disgruntled employee" of GMB-USA who created JK Oceanics "for the sole purpose" of acquiring parts to help SAN win a contract with Hanjin. (*Id.*). Primacy does not merely allege that JK Oceanics is selling parts to SAN; it alleges that JK Oceanics knew it was misappropriating Primacy's trade secrets—which would constitute an independent tort—in order to secure and deliver parts to SAN, and that in doing so, it would help SAN "secure contracts with Hanjin" rather than Primacy. (*Id.* ¶ 112). JK Oceanics does not dispute the sufficiency of Primacy's allegations with respect to the remaining elements of a tortious interference with prospective business claim. The Court finds that Primacy has stated a plausible claim for relief on this cause of action.

## VI. CONCLUSION

For these reasons, the Court **DENIES** JK Oceanics' motion to dismiss. (Dkt. 7).

**SIGNED** on July 20, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE