UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PRIMACY ENGINEERING, INC. §<br>　　　　　Plaintiff §<br>§<br>vs. §<br>§<br>SAN ENGINEERING; CHI WON LEE, §<br>An Individual; and JK OCEANICS, LLC §<br>　　　　　Defendant § | Civil Action No. 1:18-cv-00129-RP |

## DEFENDANT SAN ENGINEERING'S MOTION TO DISMISS

Defendant SAN Engineering ("SAN") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because this Court lacks personal jurisdiction over SAN and, pursuant to the common law doctrine of *forum non conveniens*, because the ongoing litigation between these same parties raising the same claims is already ongoing in the Republic of Korea. In support of this Motion, SAN and would respectfully show this Court as follows:

**I.   Summary**

The claims against SAN belong—and in fact already exist—in Korea. This case arises out of allegations that SAN and the other Defendants misappropriated trade secrets from the Plaintiff—itself a New Jersey corporation that does significant business in Korea, and maintains a third of its employees in Korea. In fact, the business it complains about in this lawsuit involves a bid it allegedly lost to SAN to build certain electrical system components for a Korean hovercraft manufacturer for the Korean Navy. Unlike the Plaintiff, SAN is a Korean company that does not do business in the United States, but

does all of its work in the Republic of Korea. It owns no property here, maintains no employees here, and does not have any connections to the U.S. sufficient to support this Court's jurisdiction. Accordingly, this Court should dismiss the claims against it.

Alternatively, the claims against SAN should be dismissed because a more favorable forum exists to resolve these claims—Korea. As mentioned previously, litigation is already pending there involving the Plaintiff, SAN, and the same claims raised in this suit. In fact, that case has been ongoing for some time and is currently set to be tried in March 2019. Given that the relief Plaintiff seeks against SAN here involves injunctive relief and "[a]n order requiring SAN" to do certain things, it stands to reason that a Court where SAN is incorporated and headquartered would be in a better position to affect such a remedy. This Court is not a proper forum and, accordingly, the claims against SAN should be dismissed for this reason as well.

## II.   Background.

This case has little to do with the United States, and even less to do with Texas. The Plaintiff, Primacy, is a New Jersey corporation who does business in the U.S. and in Korea. (Doc. 1 at 3, ¶9; 12, ¶59). It is the successor-in-interest to GMB-USA, a company that at one time was granted a bid to build the main electrical switchboard used by a Korean builder, Hanjin Heavy Industries Corporation, for hovercrafts built for the Korean Navy. (Doc. 1 at 4). At least a third of Primacy's employees are located in Korea. (Doc. 1 at 12, ¶59).

Plaintiff sued SAN Engineering, a Korean corporation headquartered in Korea and who does not do business in the U.S. or otherwise maintain any presence in the U.S. (Doc. 1); Ex. A (Declaration of Myung Won Lee which, by reference, is incorporated for all purposes herein) at 1, ¶¶3, 4. Plaintiff also sued Chi Won Lee, its former employee and a citizen and resident of Korea. (Doc. 1 at 3, ¶10; 7, ¶32). This case's only alleged connection to Texas and this District is defendant JK Oceanics—a company that is wholly unrelated to either SAN Engineering and Chi Won Lee and does nothing more than facilitate the sale and delivery of component parts to SAN Engineering in Korea. (Doc. 1 at 3, ¶11).

This case belongs in Korea and, in fact, is already on file and being actively litigated by these same parties in Korea. Ex. A at 2, ¶9. In fact, the Korean case—which involves the same parties (except JK Oceanics), identical claims, and which seeks identical relief—has been actively ongoing since it was filed last spring. Ex. A at 2, ¶9. It is currently set for trial next month—March 15, 2019. Ex. A at 2, ¶9.

### III.    This Court lacks personal jurisdiction over SAN.

A foreign defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and, when it does, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. *Quick Tech., Inc. v. Sage Grp. PLC,* 313 F.3d 338, 343 (5th Cir. 2002), *cert. denied*, 540 U.S. 814 (2003). A federal district court may exercise personal jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal

jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied,* 562 U.S. 827 (2010). Because the Texas long-arm statute extends as far as constitutional due process allows, only the second step of the inquiry is at issue here. *Id.*; *see also Sangha v. Navig8 ShipManagement Private Ltd.,* 882 F.3d 96, 101 (5th Cir. 2018) ("two-step inquiry collapses into one federal due process analysis.").

The exercise of jurisdiction over a nonresident comports with federal due process when the nonresident has established minimum contacts with the forum state, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"  *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir. 2008).  There are two types of minimum contacts:  those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. *Sangha,* 882 F.3d at 101; *see also Lewis v. Fresne,* 252 F.3d 352, 358 (5th Cir. 2001).  Plaintiff does not allege that SAN is subject to general jurisdiction;[1] rather, Plaintiff argues only specific jurisdiction in its original complaint:

> This Court has personal jurisdiction over [Chi Won] Lee and SAN Engineering because, on information and belief, they have engaged and continue to engage in contracts and ongoing business relationships with JK Oceanics and have engaged in efforts in combination with JK Oceanics to exploit the misappropriated trade secrets belong to Primacy.

---

[1] Nor could it.  General jurisdiction for a corporation means a forum in which the corporation is fairly regarded as being at home. *Britsol-Myers Squibb Co. v. Superior Court of California,* 137 S.Ct. 1773, 1780 (2017); *see also Daimler AG v. Bauman,* 571 U.S. 117, 138-39 (2014) ("the inquiry under *Goodyear* … is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.").

(Doc. 1 at ¶16).  JK Oceanics, who is also a Defendant, is—according to the Plaintiff—a Texas limited liability company with its principal place of business in Austin.  (Doc. 1 at ¶11).

Specific jurisdiction is a claim-specific inquiry—the Plaintiff asserting multiple claims must establish specific jurisdiction for each claim and, as to each claim, the nonresident defendant must have "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Sangha,* 882 F.3d at 101.  Specific jurisdiction requires that the suit arise out of or relate to the defendant's contacts with the forum.  *Bristol-Myers Squib Co.,* 137 S.Ct. at 1780 (quoting from *Daimler AG,* 571 U.S. at 127).  "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)).  Specific jurisdiction is thus confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.  *Id.*

Here, the only claims against SAN are for (1) misappropriation of trade secrets (under the federal and New Jersey statutes) and (2) tortious interference with prospective economic advantage.  (Doc. 1 at 12-20).  But, neither of these claims have any connection to Texas.

The misappropriation of trade secret claim arises solely out of SAN and Chi Won Lee's alleged use of Primacy's alleged trade secrets in Korea.  Plaintiff alleges no act of

misappropriation that occurred in Texas, and never identifies any injury it suffered in Texas.  In fact, Plaintiff's own complaint proves just the opposite: Chi Won Lee is accused of accessing the trade secrets during his employment with GMB-USA (Primacy's predecessor) *in New Jersey* and then taking that information to SAN *in Korea*, which SAN is alleged to have then used, *in Korea*, to submit a proposal to another Korean company, Hanjin, to perform work for Hanjin *in Korea.*  No aspect of the misappropriation of trade secret claim involves conduct by SAN purposefully targeted at Texas, nor do Plaintiff's allegations even implicate an injury in Texas.  Nor can it, since the injury in a trade secret case necessarily occurs to the owner of the trade secret where he resides.  *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 261 (3d Cir. 2000).

The only Texas connection this case has is through defendant JK Oceanics, a Texas corporation.  However, as established by the attached declaration of SAN's managing director (and bolstered by the Plaintiff's own allegations), JK Oceanics did nothing more than secure component parts from U.S. manufacturers (none of whom are located in Texas) and ship those parts to SAN in Korea.  (Doc. 1 at 11-12, ¶ 54) ("Upon information and belief, JK Oceanics was created for the sole purpose of acquiring components to assist SAN Engineering in performing on its contract with Hanjin."); *see also* Ex. A at 2, ¶¶7, 8.  But JK Oceanics' location in Texas is insufficient to confer jurisdiction over a wholly unrelated Korean company.

JK Oceanics' location is largely irrelevant to the claims asserted against SAN— SAN is accused of misappropriating trade secrets in Korea and using those trade secrets

to secure a contract in Korea, arguably causing Plaintiff injury in Korea (or, at best, New Jersey). Merely contracting with a resident of the forum state does not establish minimum contacts. *See 360 Mortg. Group, LLC v. Stonegate Mortg. Corp.,* No. A-13-CA-942-SS, 2014 WL 2092496, at *4 (W.D. Tex. May 19, 2014) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom,* 481 F.3d 309, 311 (5th Cir. 2007)). Similarly, communications with a resident of the forum state in the course of developing and carrying out a contract is not, by itself, sufficient to constitute the required purposeful availment of the benefits and protections of Texas law. *Id.* Here, there are simply no contacts with Texas that have any direct bearing on the misappropriation claim against SAN, particularly given that the alleged conduct—even taking Plaintiff's complaint as true—occurred exclusively in Korea.[2]

The facts associated with Plaintiff's tortious interference claim fare no better, and—in fact—are even more attenuated to Texas. Plaintiff alleges that "[i]n the absence of Lee's theft of Primacy's trade secrets and SAN Engineering's subsequent exploitation of those trade secrets, it is reasonably probable that Primacy would have received the anticipated benefit of a further contractual relationship with Hanjin" and that "SAN Engineering's and Lee's interference caused financial injury to Primacy…" (Doc. 1 at 20, ¶¶ 101-102). SAN, Lee, and Hanjin are all Korean entities or citizens, and Primacy is a New Jersey corporation. This claim implicates Texas even less.

---

[2] Tellingly, Plaintiff has not sued SAN for misappropriation under the Texas Uniform Trade Secrets Act. (Doc. 1 at 17-19). Rather, Plaintiff only alleges violations of the federal and New Jersey statutes.

Accordingly, Plaintiff has not—and cannot—satisfy the burden necessary to show that this Court has personal jurisdiction over SAN. And, even if it could, the exercise of jurisdiction over SAN would be unfair and unreasonable, a determination that requires this Court to balance:

1. the burden on the nonresident defendant of having to defend itself in the forum;

2. the interests of the forum state in the case;

3. the plaintiff's interest in obtaining convenient and effective relief;

4. the interstate judicial system's interest in the most efficient resolution of controversies; and

5. the shared interests of the states in furthering fundamental social policies.

*Sangha*, 882 F.3d at 102.  Here, none of these factors weigh in favor of compelling SAN to appear in a Texas court.

To begin, the burden on a Korean manufacturer and its employees, that is headquartered in Korea, performs all of its work in Korea, and conducts no business in Texas, to respond to discovery requests, deposition notices, and appear for trial in Texas would be substantial. It would be expensive and disruptive. SAN's officers and employees conduct their business in Korean and all speak Korean. Document production and testimony would require extensive use of interpreters. Ex. A at 3, ¶12. And, travel to Texas for depositions and trial would be expensive and require that the employee or officer be away from home and work for a substantial period of time. Ex. A at 3, ¶12.

The other facts weigh equally heavily against exercising jurisdiction here. Texas has absolutely no interest in this case, which is—in essence—a dispute over trade secrets related to a Korean project, with a Korean citizen, and a Korean corporation. The Plaintiff—a New Jersey corporation—maintains no connection to Texas either and furthers no interest in convenience and effective relief here, particularly given that a nearly identical lawsuit (minus JK Oceanics) seeking identical relief is pending and very close to trial in Korea. Ex. A at 2, ¶9. For this same reason, this Texas litigation does not present the most efficient resolution of this controversy given that these same claims could be finally resolved within the next 30-60 days in Korea. Ex. A at 2, ¶9. And, since there is no "fundamental social policy" even implicated by this lawsuit, this Court should decline to exercise jurisdiction here and grant SAN's Rule 12(b)(2) motion to dismiss for this reason as well.

## IV.    This case should be dismissed on the ground of *forum non conveniens.*

This Court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to [hear] the case, and … trial in the chosen forum would establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience, or … the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429 (2007). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the

adjudication of a dispute in a certain locality." *Id.* Dismissal under this doctrine is a determination that the merits should be adjudicated elsewhere. *Id.* at 432.

While, generally speaking, a defendant invoking the doctrine bears a heavy burden in opposing the plaintiff's chosen forum, when the plaintiff's chosen forum is not its home forum, any presumption in the plaintiff's favor applies with less force—any assumption that the chosen forum is appropriate is less reasonable. *Sinochem,* 549 U.S. at 430. Nonetheless, to obtain dismissal, the defendant is required to show: (1) the existence of an available and adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal. *Moreno v. LG Elecs., USA Inc.,* 800 F.3d 692, 696 (5th Cir. 2015). Plaintiff cannot contest that Korea is an adequate forum since it has already sued SAN there. Ex. A at 2, ¶9. The issue therefore becomes whether the balance of private and public interest factors weigh in favor of dismissal. They do.

### A. The private interest factors weigh in favor of dismissal.

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of the premises; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive enforceability of judgment, and whether the plaintiff has merely sought to "vex," "harass," or "oppress" the defendant. *Moreno*, 800 F.3d at 700.

### 1.     Ease of access to proof.

There can be no real question that Texas is a considerably less convenient forum for all but the attorneys.³  Nearly all of the proof will be located either in Korea or New Jersey.  Other than one local defendant, who did nothing more than facilitate the supply of component parts to Korea, Ex. A at 2, ¶7, nothing happened here.  No witnesses are here, no documents are here, and nonparties—officials with Hanjin or the Korean Navy—whose testimony will be necessary are certainly not here.  This factor weighs heavily in favor of dismissal.

### 2.     Compulsory process, and the cost of willing witnesses to attend.

This factor weighs heavily in favor of dismissal too.  It will be difficult, if not impossible, to secure the attendance of non-party witnesses from Korea, or even New Jersey.  And it will be prohibitively expensive and inconvenient for willing witnesses to appear. As the Fifth Circuit recognizes, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue … is more than 100 miles, the factor of convenience to witnesses increases in direct relationship to the additional distance to be travelled." *In re Volkswagen AG,* 371 F.3d at 204.

> Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site

---

³ Unquestionably, convenience of counsel is not a relevant factor.  *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004).

> to the court facility is five or six hours one-way as opposed to 30 minutes or an hour. *See* Fed. R. Civ. P. 45(c)(1).

*Id.* In *In re Volkswagen,* the concern was with the distance between Marshall and San Antonio. Here, the distance is exponentially greater and, with it, an exponentially greater inconvenience. This factor also weighs in favor of dismissal.

### 3. Trial here does nothing to make trial "easy, expeditious and inexpensive."

Ultimately, dismissing this case in favor of the Korean litigation makes the most sense. To begin, the Korean litigation is nearing completion—trial is set for March 15, 2019. There is nothing easy, expeditious, or inexpensive about having the parties engage in the exact same litigation in Texas when they have already done so in Korea. Allowing this case to go forward here would be counterproductive.

## B. The public interest factors also weigh in favor of dismissal.

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Moreno,* 800 F.3d at 700.

### 1. Administrative difficulties flowing from court congestion.

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.,* 566 F.3d 1338, 1347

(Fed. Cir. 2009). The Korean litigation is scheduled for trial next month. This case has largely been stayed pending service on the Korean parties. This factor therefore weighs in favor of dismissal.

### 2. Local interest in having localized controversies resolved at home weighs in favor of dismissal.

The Austin Division of the Western District of Texas has no interest in resolving this controversy because there is nothing about this litigation that can be considered "localized." JK Oceanics does business here, but even by Plaintiff's own account, it played no significant role in the alleged misappropriation of trade secrets. Rather, this controversy is a Korean controversy and its resolution belongs in Korea.

### 3. The interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action.

This factor does not weigh heavily either way, mainly because there is not much local, Texas law that would apply here. In fact, there are no purely "Texas law" claims asserted against SAN. In fact, the only misappropriation of trade secret claim asserted under the Texas Uniform Trade Secret Act is asserted against JK Oceanics. This factor is neutral to dismissal.

### 4. The avoidance of unnecessary problems in conflicts of law, or in application of foreign law.

At this stage, it is unclear whether there would even be much conflict between the law at issue here and the law that would apply in the Korean litigation. However, to the extent there is conflict, Texas would apply the "most significant relationship" test which takes into account: (a) the place where the injury occurred; (b) the place where the

conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 815 (5th Cir. 2017). In trade secret misappropriation cases, the place of injury is not as important. *Id.* Rather, the principal location of the defendant's conduct is the contact that will usually be given the greatest weight. *Id.* (citing *Restatement (Second) of Conflict of Laws* § 145 cmt. f).

Here, all of these factors weigh heavily in favor of applying law other than that of this State. The alleged injury to Plaintiff would have necessarily been in New Jersey or Korea. More importantly, however, Korea is where SAN is alleged to have misappropriated the Plaintiff's trade secrets. So, to the extent choice of law principals or the application of foreign law comes into play, something other than the law of this state will apply. This factor therefore weighs in favor of dismissal.

### 5. The unfairness of burdening citizens in an unrelated forum with jury duty.

"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993). Yet, that is precisely what Plaintiff seeks to impose on the people of the Austin Division. This case has no relation to this community, and therefore this factor weighs heavily in favor of dismissal.

## V. Conclusion & Prayer

For these reasons, Defendant SAN Engineering respectfully requests that this Court grant its motion to dismiss and dismiss the claims against it for lack of personal jurisdiction or, alternatively, on grounds of *forum non conveniens.* SAN Engineering further requests such other and further relief, special or general, legal or equitable, as may be shown that it is justly entitled to receive.

                              Respectfully submitted,

                              By: /s/ david j. park_____
                              David J. Park
                              State Bar No. 24025582
                              dpark@parkjunlaw.com
                              Park & Jun, PLLC
                              2000 Royal Lane, Suite 204
                              Dallas, Texas 75229
                              Tel: 972-241-6900
                              Fax:  214-257-8633

                              **ATTORNEYS FOR**
                              **SAN Engineering Co., Ltd.**

## CERTIFICATE OF SERVICE

      I hereby certify that on **February 14, 2019**, the foregoing document is being filed with the Clerk of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, which electronically will send a "Notice of Electronic Filing", with a link to an electronic copy of this document, to the attorneys of record who have consented in writing with this court to accept such as service of this document by electronic means.

| | |
|---|---|
| Jorge A. Padilla | Jesse Gessin |
| jpadilla@jw.com | jgessin@kelleranderle.com |
| Scott W. Weatherford | Michael A. Schachter |
| sweatherford@jw.com | mschachter@kelleranderle.com |
| Jackson Walker, LLP | Keller/Anderle LLP |
| 100 Congress Ave., Suite 1100 | 18300 Von Karman Ave., Suite 930 |
| Austin, Texas 78701 | Irvine, California 92613-1057 |
| *Attorneys for Plaintiff,* | *Attorneys for Plaintiff,* |
| *Primacy Engineering, Inc.* | *Primacy Engineering, Inc.* |

                                                   /s/ david j. park
                                                 David J. Park