EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRIMACY ENGINEERING, INC., | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 1:18-cv-00129-RP |
| | § | |
| SAN ENGINEERING; CHI WON LEE, | § | |
| An Individual; and JK OCEANICS, LLC | § | |
|     Defendant | § | |

**DECLARATION OF MYUNG WON LEE**

I hereby make the following declaration pursuant to 28 U.S.C. § 1746:

1.    My name is Myung Won Lee. I am over 18 years of age, of sound mind, and am competent to make this declaration. I am the Managing Director for SAN Engineering Co., Ltd. ("SAN") and, as such, I have personal knowledge of the factual matters set forth herein and they are true and correct.

2.    I have been an officer and Managing Director with SAN since 2013. SAN is a Korean company whose headquarters and place of formation is: 607, 912 Seoungnam-daero, Bundang-gu, Seongnam-si, Gyeonggi-do, Republic of Korea. SAN is a company that has contracts with Korean defense contractors and government agencies, including, without limitation, the Republic of Korea Department of Navy and Hanjin Heavy Industries Corporation, to build and maintain electrical systems on warships.

3.    SAN maintains no presence in the United States or, more specifically, in Texas. SAN has no offices in the U.S. or Texas, and has no employees in the U.S. SAN does not market its services to the U.S. or Texas, and has never maintained any relationship with any U.S. or Texas financial institution. SAN does not now, and has never, owned property in the U.S.

4.    Up to the present, SAN has never had any contracts with any U.S. companies and has never registered to do business in the U.S. SAN has also never registered with any U.S. governmental entity, such as the Secretary of State, Department of Navy, or Department of Homeland Security, to do business, in the U.S. The only contact SAN has with any governmental agency in the U.S. is to be a designated Department of Commerce Ultimate Consignee and Purchaser for international shipments SAN receives in Korea from the U.S.

5. SAN has never been sued in the U.S., until now. SAN has never sought the protection of U.S. intellectual property laws or in any other way sought to use the U.S. courts to protect its rights.

6. I have reviewed the allegations made in the Plaintiff's Original Complaint in the above-referenced case. Primacy Engineering asserts that Chi Won Lee "joined SAN Engineering" in 2015. This is not true. Chi Won Lee was never hired or otherwise employed by SAN Engineering. Mr. Lee has his own Korean Company, Oceanics. SAN entered into a contract with Oceanics regarding a simulator project that is wholly unrelated to the Hanjin bid that Primacy is complaining about. Oceanics acted as a technical advisor, or consultant, on the simulator project. Mr. Lee has never been an employee of SAN.

7. SAN has never entered into any contracts with JK Oceanics. SAN's only relationship with JK Oceanics is that JK Oceanics gets quotes from American manufacturers on certain component parts SAN needs. If the quotes are acceptable, JK Oceanics then obtains the requested component parts and ships them to SAN in Korea. No proprietary or confidential design information is shared or exchanged with JK Oceanics. JK Oceanics has no need for them.

8. For instance, SAN uses Remote Control Circuit Boards (RCCB's) in manufacturing its product, and the RCCB's are only manufactured by two U.S. companies: Microsemi, in Aliso Viejo, California, and Safran Electrical & Power, in Sarasota, Florida. The manufacture of the RCCB's is not confidential, proprietary, trade-secret information, and there is nothing that prohibits SAN from seeking and obtaining quotes on the cost of these RCCB's from these U.S. manufacturers, through JK Oceanics. JK Oceanics had no need for any confidential design information and did not receive any to get price quotes for this or any other part.

9. The above-referenced lawsuit is identical to a lawsuit that was also filed by Primacy Engineering in Korea. SAN was just recently served with this lawsuit, on January 24, 2019, through the Hague Convention. However, a second suit, Case Number 2018가합531651 pending in the District Court of Seoul, Republic of Korea, was served on SAN on May 31, 2018 and remains active and ongoing. The parties—Primacy, SAN, Chi Won Lee and Oceanics--have exchanged significant discovery and the matter is set for trial on March 15, 2019. Primacy makes virtually the same claims, and seeks essentially the same relief, in the Korean litigation as it does here. Among other factual claims made, Primacy Engineering alleges Chi Won Lee accessed GMB - USA trade secrets pertaining to the main switchboard (identified as Switchboard Electrical Distribution Systems in the Complaint) of the LSF-II hovercraft during his employment, Lee stole a GMB-USA computer containing confidential information, Lee signed a non-disclosure agreement

with GMB-USA that he has breached, and that he shared confidential information pertaining to the hovercraft main switchboard with SAN allowing SAN to bid on and win the Hanjin contract. This other suit does not mention JK Oceanics at all.

10. SAN has done nothing wrong. SAN has been able to bid competitively due to several factors. Chief among them, SAN was requested by the Korean Navy through Hanjin to review and clarify the maintenance manuals used to maintain and update equipment on the LSF-II hovercrafts built by Hanjin in December 2015. In May 2016, Hanjin requested that SAN submit a maintenance specification and quote to service and maintain the main switchboard of the 2nd LSF-II hovercraft built by Hanjin. In July 2016, Hanjin requested that SAN investigate and submit price, specification and manufacturer information for replacement components of the main switchboard at issue in this suit.

11. By the time that Hanjin requested bids for the main switchboard of the new hovercrafts to be built in April 2017, SAN was intimately familiar with all aspects of the main switchboards used in the older generation ships. SAN won the contract to build the main switchboard for the new LSF-II in December 2017. The information pertaining to the very systems at issue in this lawsuit, including design drawings of the main switchboard, was obtained and reviewed by SAN from inspecting the hovercrafts built in 2015 at the request of Hanjin and the Korean Navy. Moreover, SAN won the bid to build the main switchboard in the new hovercrafts, in part, due to the fact that GMB-USA's president, Bryant Kang, was convicted of bribery in Korea in October 2015 and served two years in prison. This was a well-publicized and significant scandal and GMB-USA had to change its name to Primacy since GMB-USA was forbidden to bid on Korean government contracts due to Kang's conviction.

12. There are no trade secrets at issue in this suit. However, if this matter is to be litigated, it makes no sense to litigate it in the U.S. or especially in Texas when almost all parties, all relevant witnesses (including Korean nationals who work for Hanjin Heavy Industries and the Korean Navy who are material to the claims at issue in this suit and beyond this court's subpoena power), and all documents are in Korea. According to its own pleading, almost a third of Primacy's employees are in Korea. The bid at issue relates to a contract with a Korean entity to build hovercrafts for the Republic of Korea Navy. All, or nearly all, of the documents that would be relevant to the claims asserted by Primacy are in Korean and would need to be translated for a U.S. court. Moreover, SAN has 67 employees, including their officers and directors. To require those officers and employees to travel to Texas for depositions and ultimately for a trial would not only be disruptive to SAN's business, but would be prohibitively costly. Round-trip airfare from the Seoul to Austin, Texas costs approximately $2,000 and, just to be in court or in a deposition for one day would require 4 days of travel. Given that there is very little aspect of this case that Primacy has pointed to that has anything to do with the U.S. or Texas, it

would be unfair, burdensome, and harassing to force SAN and its employees to come to Texas for this case.

13.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on February 14, 2019.

_____
Myung Won Lee