**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PRIMACY ENGINEERING, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:18-cv-00129-RP** |
| | § | |
| **SAN ENGINEERING; CHI WON LEE, an** | § | |
| **individual; JK OCEANICS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S OPPOSED EMERGENCY MOTION FOR LEAVE TO**
**CONDUCT JURISDICTIONAL DISCOVERY AND TO EXTEND RESPONSE**
**DEADLINE**

Primacy Engineering, Inc. files this motion and respectfully shows the Court as follows:

**I. BACKGROUND**

Primacy filed this trade secret misappropriation action against SAN Engineering Co., Ltd. ("SAN"), Chi Won Lee ("Lee"), and JK Oceanics, LLC ("JK Oceanics"). JK Oceanics, a Texas-based company, responded by filing a motion to dismiss, which the court denied on July 20, 2018. After several months, Primacy served SAN, a Korean company, through the Hague Convention.[1]

SAN has now filed a Motion to Dismiss for lack of personal jurisdiction and under the common law doctrine of *forum non conveniens*. SAN's Motion relies entirely on the declaration of its managing director, who testifies as to SAN's version of the relevant jurisdiction and venue facts. But limited discovery is now necessary because SAN's carefully-worded declaration raises more questions than it answers. Without the narrowly tailored discovery, this Court would have insufficient factual bases on which to evaluate the issues presented in SAN's Motion.

---

[1] Primacy continues to attempt service on Lee, a Korean citizen, through the Hague Convention.

## II. ARGUMENT

In the Fifth Circuit, courts may allow targeted discovery before deciding a motion to dismiss for lack of personal jurisdiction or improper venue, or a motion to transfer venue. *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) ("[w]hen the defendant disputes the factual bases for jurisdiction, . . . the court may receive interrogatories, depositions, or 'any combination of the recognized methods of discovery' to help it resolve the jurisdictional issue. The court has discretion as to the type and amount of discovery to allow.") (citation omitted).[2]  A court has broad discretion on whether to permit jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

A party need only make a preliminary showing of jurisdiction before being entitled to jurisdictional discovery. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). Primacy can meet this low threshold by identifying the discovery needed, identifying the facts expected to be obtained thereby, and by explaining how such information would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F. 3d 841, 855 (5th Cir. 2000).

A.     **Primacy has made a preliminary showing of jurisdiction.**

Primacy has met the threshold to obtain jurisdictional discovery.  In its complaint, Primacy alleges that SAN, with the help of Primacy's former employee Lee, stole Primacy's trade secrets and used them to obtain a contract that Primacy otherwise would have won.  ECF No. 1 ¶¶ 1–6, 18–61.  Primacy further alleged that Texas-based JK Oceanics was formed specifically by another disgruntled former Primacy employee to assist SAN in obtaining that contract, *id.* ¶ 6, 56, and that SAN sent Primacy's trade secrets to JK Oceanics as part of their scheme, *id.* ¶ 55, 67, 76, 89, 120.

---

[2] *See also* Order Granting Leave to Conduct Jurisdictional Discovery and Extending Responsive Deadline to Motion to Dismiss, *Rapid Radiology, Inc. v. Orlando Diagnostic Center, Inc.*,  No. 1:18-cv-87-RP (W.D. Tex. Feb. 27, 2018) (Pitman, R.), ECF No. 9.

Limited discovery is needed concerning (1) SAN's relationship with JK Oceanics, (2) SAN's allegation that it reverse-engineered the design plans at issue, (3) JK Oceanics's communications with third-party vendors, and (4) SAN's claim of undue burden if forced to litigate in Texas.  As described below, factual content on those topics will further support Primacy's jurisdiction and venue arguments.

### 1.        SAN's relationship with JK Oceanics

Limited discovery is necessary because SAN's motion relies entirely on an interested declarant—its managing director—testifying to SAN's Texas contacts as well as the alleged hardship for SAN to litigate in this forum.  For example, SAN denies that it has a contract with JK Oceanics, but admits that JK Oceanics procures and ships to SAN (subject to SAN's approval of the prices) components that are central to the dispute.  M.W. Lee Decl. ¶ 7, ECF No. 33-1.  SAN's carefully-worded declaration provides no other explanation of this allegedly non-contractual relationship.  In order for the Court to evaluate SAN's motion to dismiss, discovery on the relationship is necessary: JK Oceanics is a Texas-based entity and therefore the facts regarding its relationship and communications with SAN pertaining to this trade secrets case are central to jurisdiction.  Indeed, if SAN disclosed trade secrets to JK Oceanics—which Primacy seeks to uncover through limited discovery—that alone would establish personal jurisdiction over SAN. *See Trois v. Apple Tree Auction Ctr. Inc.*, 882 F.3d 485, 490–91 (5th Cir. 2018) (a single tortious communication to the forum establishes personal jurisdiction).

SAN also admits that it is designated as an "Ultimate Consignee and Purchaser with the Department of Commerce" for international shipments from the U.S. to Korea.  M.W. Lee Decl. ¶ 4.  Accordingly, SAN would have been required to complete Form BIS-711 (Statement by

Ultimate Consignee and Purchaser).  *See* 15 CFR App. Suppl. No. 3 to Part 748.[3]  In so doing, SAN would have been required to identify its business relationship to JK Oceanics, specifically identifying whether it was contractual, franchise, distributor, or wholesaler, among others.  *Id.*  The Court should grant limited discovery so that Primacy can obtain this type of information, which would allow the Court to make an informed review of SAN's arguments.

### 2.     SAN's reverse-engineering allegation

SAN asserts that Primacy's trade secrets are not implicated by its obtaining a contract that could only be won using Primacy's secrets.  SAN claims that instead of stealing those secrets, it reversed-engineered or copied them.  M.W. Lee Decl. ¶¶ 10-11.  Primacy, and the Court, should not have to accept those claims at face value without testing them though targeted discovery.  Rather, Primacy should get to determine for itself how SAN acquired Primacy's confidential plans and parts, and who it shared that information with.

Primacy expects to discover facts showing that SAN did obtain proprietary part numbers and other trade secret information from Defendant Lee (and possibly Oceanics) and that the trade secrets were communicated to JK Oceanics in Texas in order to obtain pricing for component parts needed by SAN.  Discovery addressing how SAN acquired and disclosed Primacy's trade secrets, and the relationship between Oceanics, Texas-based JK Oceanics, and SAN would support Primacy's jurisdiction and venue arguments.

### 3.     JK Oceanic's communications to third-party vendors

Central to Primacy's misappropriation claim is its Switchboard Electrical Distribution Systems ("SWBD"), which is protected as proprietary information, ***including*** part numbers.  Primacy understands that JK Oceanics contacted third-party suppliers Microsemi, Eaton, and other

---

[3] A true and correct copy of Form BIS-711 is attached for the Court's reference as Exhibit A.  *See* https://www.bis.doc.gov/index.php/component/rsform/form/21-request-bis-forms (last checked Feb. 25, 2019).

component suppliers, specifically asking for the exact part numbers associated with Primacy's design.  Part numbers associated with the Primacy SWBD design are not standard part numbers. Rather, they are specific to Primacy's design and, therefore, constitute Primacy's trade secrets. And they would be known by JK Oceanics only if they were shared by SAN, Defendant Lee, or both.

SAN contends it did not send any trade secret or proprietary information to JK Oceanics in order to obtain quotes and purchase certain component parts.  In its motion, however, SAN provides no correspondence between it and JK Oceanics to support this allegation.  Primacy disputes this fact and should have the opportunity to conduct limited discovery to determine what was actually communicated from SAN to JK Oceanics.  This discovery is essential to the question of jurisdiction because if SAN sent trade secret and proprietary information to JK Oceanics, then it was sending that information into Texas, and JK Oceanics would have then shared that information with others from Texas.  Such tortious conduct is sufficient to confer minimum contacts for personal jurisdiction.  *See Trois*, 882 F.3d at 490–91.

### 4. SAN's *forum non conveniens* allegations

Finally, limited discovery would provide facts supporting Primacy's *forum non conveniens* arguments.  To begin, discovery on SAN's communications with JK Oceanics and third-party vendors would reveal the need for testimony from witnesses based in Texas and the United States. In addition, it would demonstrate that transferring the case to South Korea would accomplish no benefit for SAN because its witnesses would still have to provide evidence in the case against JK Oceanics.  Discovery on the location of witnesses and documentation is central to the *forum non conveniens* analysis.  *See, e.g.*, *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 692, 700 (5th Cir. 2015).

**B.      Primacy's requested discovery is limited.**

Primacy proposes targeted discovery consisting of five interrogatories, five requests for production of documents, and one video deposition of its declarant, managing director Myung Won Lee, not to exceed two hours of questioning time by Plaintiff.  Primacy proposes that this discovery be conducted within 60 days from the entry of the Court's order on this Motion.  Primacy also respectfully asks that the requested discovery not be counted toward any maximum number of written discovery requests, depositions, subpoenas, or other discovery allowed under the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the Western District of Texas.  Assuming reasonable cooperation by SAN, Primacy anticipates that it could complete its response to Defendant's pending motions within 15 calendar days from receipt of SAN's responses to the written discovery and completion of the requested video deposition.

**C.      Primacy's response deadline should be extended.**

Primacy's deadline to respond to SAN's motion to dismiss is currently Thursday, February 28, 2019.  District courts have discretion under the Federal Rules of Civil Procedure to grant extensions for good cause shown. Fed. R. Civ. P. 6(b).  Good cause exists for granting the extension to permit Primacy to conduct the necessary discovery.  Without the requested discovery, the Court would have limited factual bases to evaluate the allegations on which SAN's motion relies.

### III. CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, Plaintiff Primacy, Inc. specifically requests that the Court order the following:

> i. Primacy will be permitted to conduct depositions by telephone or video-conference of Myung Won Lee. The scope of this deposition will be limited to questions relevant to the jurisdiction and venue issues raised by SAN's motion. Primacy's question time will be limited to two hours.

ii.  Primacy will be permitted to serve five interrogatories and five requests for Production.  The scope of this discovery will be limited by relevance to the jurisdiction and venue issues raised by SAN's motion.

iii. The requested discovery will be completed within sixty days of the Court's order and will not count against the generally-applicable limits on Primacy's discovery in the case;

iv. Plaintiff's deadline to respond to SAN's Motion to Dismiss will be seventy-five days from the entry of the Court's order;

v. Primacy will be allowed to amend its Complaint within seventy-five days of the Court's order; and

vi. Any further relief deemed necessary or just by the Court.

The relief requested is set forth in an attached Proposed Order.  In the event that the Court denies the relief requested in this Motion, Primacy requests an extension of time to respond to SAN's Motion to Dismiss [ECF No. 33] by 14 days from the date of entry of an order denying this Motion.

Respectfully submitted,

JACKSON WALKER, LLP

By: */s/ Jorge A. Padilla*
Jorge A. Padilla
Texas Bar No. 24054512
*jpadilla@jw.com*
Scott W. Weatherford
Texas Bar No. 24079554
*sweatherford@jw.com*
100 Congress Avenue, Suite 1100
Austin, Texas 78701
Telephone: (512) 236-2000
Facsimile: (512) 266-2002

-AND-

KELLER/ANDERLE LLP

Michael A. Schachter
*Admitted Pro Hac Vice*
California Bar No. 298610
*mschachter@kelleranderle.com*
18300 Von Karman Avenue, Suite 930
Irvine, California 92613-1057
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

**ATTORNEYS FOR PLAINTIFF PRIMACY
ENGINEERING, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I conferred with counsel for Defendant SAN Engineering on February 25, 2019, who indicated that he is opposed to the Motion.

*/s/ Jorge A. Padilla*
Jorge A. Padilla


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of February, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically mail notification of such filing to all counsel of record who have appeared in this case.


*/s/ Jorge A. Padilla*
Jorge A. Padilla