UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PRIMACY ENGINEERING, INC. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 1:18-cv-00129-RP |
| | § | |
| SAN ENGINEERING; CHI WON LEE, | § | |
| An Individual; and JK OCEANICS, LLC | § | |
| Defendant | § | |

**DEFENDANT SAN ENGINEERING'S RESPONSE TO PLAINTIFF'S OPPOSED EMERGENCY MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND TO EXTEND REPSONSE DEADLINE**

Defendant SAN Engineering ("SAN") files this Response to the Plaintiff's Emergency Motion for Leave to Conduct Jurisdictional Discovery and to Extend Response Deadline. (Doc. 34). In short, because Primacy Engineering, Inc. cannot and has not demonstrated any basis for specific jurisdiction of SAN, Primacy's "emergency" motion should be denied.

I.     **Summary**

Primacy's emergency is one of its own making. This lawsuit has been on file against JK Oceanics for over a year now. During that time, even though its sole basis for this Court's personal jurisdiction over SAN was that SAN "engage[d] and continue[d] to engage in contracts and ongoing business relationship *with JK Oceanics*" and "engage[d] *in combination with JK Oceanics* to exploit the misappropriated trade secrets belonging to Primacy," Primacy apparently made no effort to seek discovery *from JK Oceanics* regarding this jurisdictional claim. Instead, only after SAN filed its Motion to Dismiss on

February 14, 2019 (Doc. 33), Primacy waited until 3 business days before its response deadline to file an "emergency" motion, claiming that discovery is now necessary to support its year-old jurisdictional allegations.  (Doc. 34).

Primacy's motion can be easily denied for a couple of reasons.  First, it is wholly unnecessary.  As SAN made clear in its motion, Primacy's jurisdictional allegations—even if taken as true—do not support specific jurisdiction against SAN because any alleged contact SAN had with JK Oceanics has no direct relationship to the tortious interference or trade secret misappropriation claims Primacy asserts.  Rather, those claims remain centered on alleged conduct that occurred in Korea and that allegedly damaged Primacy in either Korea or New Jersey.  Primacy's claims against SAN—even as alleged—have no connection to Texas.  Ultimately, Primacy fails to acknowledge the claims that are already asserted and being litigated against SAN *in Korea*.  It makes little sense to conduct discovery that has no hope of supporting jurisdiction, particularly when identical litigation is already pending.  The addition of JK Oceanics adds nothing to the claims against SAN and certainly does nothing to give this Court jurisdiction.  Requiring SAN to respond to discovery would be a fruitless exercise and there is nothing in Primacy's motion to indicate otherwise.  Accordingly, Primacy's motion should be denied.

## II.    Jurisdictional discovery should not be allowed if it would serve no purpose.

Primacy cites *Wyatt v. Kaplan* as support for the Court's "broad discretion" in allowing jurisdictional discovery, but leaves out an important aspect of *Wyatt*:

> Discovery on matters of personal jurisdiction … need not be permitted unless the motion to dismiss raises issues of fact. *See H.L. Moore Drug Exchange, Inc. v. Smith, Kline & French Laboratories,* 2 Cir. 1967, 384 F.2d 97 (per curiam). When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted. *See* 4 Moore's Federal Practice P 26.69 at 26-504; Note, Discovery of Jurisdictional Facts, 59 Va. L. Rev. 533, 546 (1973). Accordingly, this Court affirms denials of discovery on questions of personal jurisdiction where the discovery sought "could not have added any significant facts". *Washington v. Norton Manufacturing, Inc.,* 5 Cir. 1979, 588 F.2d 441, 447, *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313.

*Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982) (footnote omitted). This Court echoed this sentiment recently in *Defense Distributed v. Grewal,* No. 1:18-CV-637-RP, 2019 WL 369151, at *8 (W.D. Tex. Jan. 30, 2019), when it determined that the "Plaintiffs have failed to plead sufficient facts to base personal jurisdiction on any relationship between Defendants and the three gun control advocacy groups."[1] Primacy has similarly failed to plead sufficient facts here to base personal jurisdiction on any relationship between SAN and JK Oceanics.

## II. Primacy cannot make a preliminary showing of jurisdiction based on any relationship between SAN and JK Oceanics.

As SAN made clear in its motion, Primacy has not pled sufficient facts to even establish a preliminary basis for jurisdiction. Primacy's motion confirms this fact.

As mentioned earlier, Primacy's jurisdictional claim is based solely on the alleged relationship between SAN and JK Oceanics. But, that relationship has no bearing on the

---

[1] The Order this Court entered in *Rapid Radiology, Inc. v. Orlando Diagnostic Center, Inc.,* that Primacy cites to in its Motion (Doc. 34 at 2, n. 2), arose out of very different facts: a contract between Rapid Radiology and Orlando Diagnostics, allegedly executed in Travis County, Texas, that contained a forum selection clause naming Travis County, Texas as the "sole and excusive venue for any litigation". (Doc. 9 at 2)

tortious interference or misappropriation of trade secret claims since the facts pleaded to support those claims occurred entirely in Korea. Tellingly, Primacy provides no argument to the contrary, instead citing a fraud case, *Trois v. Apple Tree Auction Center, Inc.*, 882 F.3d 485, 490-91 (5th Cir. 2018), as support for its contention that "if SAN disclosed trade secrets to JK Oceanics—which Primacy seeks to uncover through limited discovery—that alone would establish personal jurisdiction over SAN." (Doc. 34 at 3).

But fraud is different from a misappropriation of trade secret or tortious interference claim. *See Trois*, 882 F.3d at 492 ("As we have said, the considerations for personal jurisdiction over fraud claims are different from those we apply in a straight contract claim."). For instance, in *Trois*, the Fifth Circuit noted that it has "permitted the exercise of specific personal jurisdiction over an intentional-tort claim were a nonresident places a call to a forum and makes false statements over the phone to a forum resident." *Id.* at 491. Accordingly, it was no surprise when the Fifth Circuit found specific personal jurisdiction where "the defendants [] reached out to Texas and allegedly made false statements over the phone to a Texas citizen to induce him to conduct business with them." *Id.* at 492 & n. 7.

This is not a fraud case where the claim derives directly from a communication directed at Texas. Rather, Primacy's claims are all based on the misappropriation of a trade secret that it alleges took place in Korea and tortious interference with a Korean Navy contract. SAN's relationship with JK Oceanics has nothing to do with the actual claims asserted against SAN. Primacy simply seeks evidence, based on communications

between SAN and JK Oceanics, that SAN possessed Primacy's trade secret information. But, any such possession would—even under Primacy's allegations—have been acquired from Lee in Korea, and communications between SAN and JK Oceanics would do nothing to prove misappropriation or tortious interference targeted at this jurisdiction. Given that specific jurisdiction requires that the suit arise out of or relate to SAN's contacts with Texas, *Bristol-Myers Squib Co. v. Superior Court of California,* 137 S.Ct. 1773, 1780 (2017), there can be no question that specific jurisdiction over the claims against SAN is lacking here.

**IV.    Primacy asks for discovery solely to delay dismissal.**

Ultimately, Primacy offers no explanation as to why it is just now—11 days after SAN's motion to dismiss was filed and over a year after this lawsuit was filed—asking for jurisdictional discovery.  The simple answer is that Primacy just wants to delay the inevitable while it goes fishing for jurisdictional facts.

If the relationship between JK Oceanics and SAN is so important, there is no reasons Primacy could not have asked for that information *from JK Oceanics* in the year that this case has been on file.  And, notwithstanding this case, Primacy offers no explanation as to why it could not acquire that information in the litigation it instituted *against SAN in Korea.*  In short, Primacy knows that it cannot obtain information to prove jurisdiction and simply asks that this Court delay its response deadline in the hope that its fishing expedition turns something up.

Notably, Primacy's discovery request goes beyond discovery of jurisdictional facts to also include a single element of SAN's alternative motion for dismissal under common law *forum non conveniens* principles. (Doc. 34 at 5). Of course, Primacy cites no authority to support a right to limited discovery on a *forum non conveniens* motion, much less discovery on the location of witnesses and documentation. The case Primacy cites—*Moreno v. LG Electronics, USA, Inc.,* does not address a right to discovery at all, but simply references one of the factors (among 9 other private and public factors) that should be obvious to all involved—that the vast majority—if not all—of the relevant witnesses and documents are located in Korea or New Jersey.

The simple fact remains: an alternative forum exists to decide this case. In fact, it is a forum that Primacy also chose, and Primacy fails to demonstrate why that forum—where all the relevant witnesses and documents are located—is inadequate. The discovery Primacy requests will not change that fact, and certainly will not establish specific jurisdiction as to SAN. Primacy's motion should be denied and the claims against SAN dismissed.

## V. Conclusion & Prayer

For these reasons, Defendant SAN Engineering respectfully requests that this Court deny Plaintiff's emergency motion for leave to conduct jurisdictional discovery and to extend Primacy's response deadline. SAN Engineering further requests such other and further relief, special or general, legal or equitable, as may be shown that it is justly entitled to receive.

Respectfully submitted,


By: /s/ david j. park_____
David J. Park
State Bar No. 24025582
dpark@parkjunlaw.com
Park & Jun, PLLC
2000 Royal Lane, Suite 204
Dallas, Texas 75229
Tel: 972-241-6900
Fax:  214-257-8633

**ATTORNEYS FOR
SAN Engineering Co., Ltd.**


## CERTIFICATE OF SERVICE

I hereby certify that on **February 27, 2019**, the foregoing document is being filed with the Clerk of the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, which electronically will send a "Notice of Electronic Filing", with a link to an electronic copy of this document, to the attorneys of record who have consented in writing with this court to accept such as service of this document by electronic means.

| | |
|---|---|
| Jorge A. Padilla | Jesse Gessin |
| jpadilla@jw.com | jgessin@kelleranderle.com |
| Scott W. Weatherford | Michael A. Schachter |
| sweatherford@jw.com | mschachter@kelleranderle.com |
| Jackson Walker, LLP | Keller/Anderle LLP |
| 100 Congress Ave., Suite 1100 | 18300 Von Karman Ave., Suite 930 |
| Austin, Texas 78701 | Irvine, California 92613-1057 |
| *Attorneys for Plaintiff,* | *Attorneys for Plaintiff,* |
| *Primacy Engineering, Inc.* | *Primacy Engineering, Inc.* |

/s/ david j. park_____
David J. Park